FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **OPINION & ORDER** |
| v. | Crim. No. 96-61 (WHW) |
| DAVID JAMES WARD, | |
| Defendant. | |

**Walls, Senior District Judge**

David James Ward moves pro se to correct his 1997 sentence of 720 months for kidnapping. He also requests that the Court recuse itself from his case. Because there is no basis for amending the sentence or recusal, Ward's motions are denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 4, 1995, while employed as a commercial tractor-trailer truck driver, Ward abducted a 24-year-old woman. He met the victim while she was working as a waitress and bartender in Mahwah, New Jersey. As the victim left the bar for the night, Ward jumped on her back and threw her to the ground. He wrapped her head and legs with duct tape and bound her hands and feet with plastic cuffs. Ward carried the victim to his truck which was parked nearby. Over the next three days, Ward kept the woman captive in his truck and repeatedly sexually assaulted her. Ward continued to make scheduled deliveries and pick-ups in different states including New York and Indiana.

1

**FOR PUBLICATION**

On December 7, Ward and the victim arrived at a truck stop in Indianapolis. Ward left his truck, telling the victim he would return shortly. After Ward left, the victim watched to make sure that he was out of the area. She was able reach a nail clipper in the ashtray in the front cabin. She used the clipper to cut the plastic cuffs on her ankles, but was unable to remove the cuffs that bound her wrists. She jumped out of the truck and after several unsuccessful attempts to get help, she obtained aid from a man who notified a security guard. In the meantime, Ward fled the scene.

The victim described Ward's truck to police who were able to locate it in Illinois via a global positioning satellite system; Ward was arrested by the Illinois State Police.

*       *       *

In January 1996, a federal grand jury indicted Ward on one count of kidnapping in violation of 18 U.S.C. § 1201. In July 1996, Ward pled guilty to the indictment. At the plea hearing, the Court warned Ward that he faced a maximum sentence of life imprisonment. Plea Tr. 6, July 10, 1996. The Court noted that the sentence was within the Court's discretion, Tr. 7, and that any agreement Ward had with the Government had no effect on the Court's sentence, Tr. 8. The Court also warned Ward that the Sentencing Guidelines might require an upward or downward departure in sentence. Tr. 7. Ward said that he understood all of this. Tr. 6-8.

Just before he pled guilty, Ward signed an application for permission to enter a plea of guilty. Paragraph 24 of the application twice noted that Ward understood that he faced a maximum sentence of life imprisonment. A month before Ward entered his guilty plea, the United States Attorney sent Ward a letter regarding his plea agreement. That letter stated that the judge may impose the maximum term of imprisonment and that a violation of 18 U.S.C. § 1201 "carries a statutory maximum penalty of life imprisonment . . . ." The letter also warned

**FOR PUBLICATION**

that the Sentencing Guidelines might authorize a departure from the minimum and maximum penalties. Ward signed a document acknowledging that he received the letter, read and understood it.

At sentencing in January 1997, the Court concluded that a departure from the Sentencing Guidelines range of 210-262 months was warranted because Ward subjected the victim to multiple acts of criminal sexual abuse.[1] Sentencing Tr. 16, Jan. 7, 1997. The Court assigned Ward a total offense level of 40[2] and placed him in criminal history category IV.[3] The Sentencing Guidelines range for an offense level of 40 and criminal history category IV was 360 months to life imprisonment. The Court sentenced Ward to 720 months of imprisonment.[4]

In September 2010, Ward filed this pro se motion to request a reduction in his sentence. This is Ward's third challenge to the legality of his sentence. *See Ward v. Martinez*, Civ. No. 10-418, 2010 U.S. Dist. LEXIS 32546 (D.N.J. Mar. 29, 2010); *Ward v. Martinez*, Civ. No. 08-889, 2008 U.S. Dist. LEXIS 50363 (D.N.J. June 27, 2008).

---

[1] At the time, Sentencing Guideline § 2A3.1, application note 5(B), stated, "if the court determines that the offense involved multiple acts of criminal sexual abuse of the same victim . . . an upward departure may be warranted."

[2] The Court started with a baseline offense level of 27 for sexual abuse. Sentencing Tr. 16, Jan. 7. 1997. Under the Sentencing Guidelines then in force, the Court calculated the total offense level as follows:
- Four levels because Ward bound and gagged the victim, § 2A3.1(b)1; Tr. 16;
- Two levels because the victim sustained serious bodily injury, § 2A3.1(b)(4); Tr. 16;
- Four levels because the victim was abducted, § 2A3.1(b)(5); Tr. 16;
- Four levels based on four acts and one attempted act of sexual abuse and assault, § 3D1.4; Tr. 16-17;
- Two levels based on a prior conviction for similar conduct, § 2A3.1, application note 7; Tr. 17 (in 1983, the defendant was convicted in Minnesota of binding and sexually assaulting a female jogger); and
- Three levels downward because the defendant accepted responsibility and pled guilty early. § 3E1.1(a); § 3E1.1(b)(2); Tr. 17.

[3] The defense did not challenge this criminal history category. Sentencing Tr. 17, Jan. 7. 1997.

[4] On appeal, Ward challenged the upward departure for his 1983 criminal sexual conduct conviction in Minnesota. The court of appeals affirmed the sentence. *United States v. Ward*, 131 F.3d 335, 342-43 (3d Cir. 1997).

**FOR PUBLICATION**

## DISCUSSION

**I.    Motion to Correct Defendant's Sentence**

Ward's motion is styled as a "MOTION TO CORRECT CLEAR SENTENCING ERROR IN ORDER TO PREVENT A MANIFEST INJUSTICE."

Ward contends that his attorney told him that the Sentencing Guidelines range for kidnapping was 210-262 months and that this was the only possible sentence if he pled guilty and accepted responsibility. He says the possibility of "criminal enhancements" were not mentioned in the plea agreement or at his plea hearing. He claims that if he had known a higher sentence was possible, he would not have pled guilty. Because of this, he says that his guilty plea was "not knowingly and voluntarily and intelligently made."

Ward cites three provisions to support his motion: 28 U.S.C. § 452; Federal Rule of Criminal Procedure 11; and 18 U.S.C. § 3582.

**A.  28 U.S.C. § 452**

Ward argues that 28 U.S.C. § 452 "can be read as extending indefinitely the power to reopen a case, without regard to the expiration of a term or session." Section 452, in its entirety, reads:

> All courts of the United States shall be deemed always open for the purpose of filing proper papers, issuing and returning process, and making motions and orders.
>
> The continued existence or expiration of a session of court in no way affects the power of the court to do any act or take any proceeding.

Nothing on the face of this provision allows the Court to amend Ward's sentence and Ward cites no cases nor does the Court know of any that interprets this provision to allow a reduction in a sentence. There is no relief available to Ward under § 452.

**FOR PUBLICATION**

The Government suggests that the Court recharacterize Ward's motion as a petition for habeas corpus under 28 U.S.C. § 2255 because Ward is challenging the legality of his sentence. The Government points out that the habeas corpus statute used to be located at 28 U.S.C. § 452, but was superseded by 28 U.S.C. § 2241, *United States v. Hayman*, 342 U.S. 205, 220 n.32 (1952), and that relief is inappropriate under § 2241 because § 2255 is the appropriate statute used for challenging the legality of a sentence. However, Ward does not appear to be arguing that § 452 in its old form as a habeas corpus statute is applicable here. Instead, in his moving papers, Ward argues that the amended § 452 "can be read as extending indefinitely the power to reopen a case, without regard to the expiration of a term or session."

Ward lucidly argues that he does not want this motion to be construed as a § 2255 civil proceeding, and that instead, his motion is an extension of his criminal proceeding. Because Ward objects, the Court declines the Government's suggestion that it rebrand Ward's motion and will consider it under § 452, as Ward desires. *See Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring) ("Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief."); *see also Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

### B.  Federal Rule of Criminal Procedure 11

Ward cites Federal Rule of Criminal Procedure 11 for the proposition that a district court must explain to the defendant the nature of the charge and the maximum penalty he faces. While it is true that Rule 11 requires a district court to explain the nature of the charge and the maximum penalty to a defendant about to plead guilty, Fed. R. Crim. P. 11(b)(1)(G)-(H), the rule also states that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of

**FOR PUBLICATION**

guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack," Fed. R. Crim. P. 11(e). Because Ward has already filed an appeal and a collateral attack to no avail, the Court may not set aside the defendant's guilty plea based on this rule. *United States v. D'Alfonso*, No. 10-2294, 2010 U.S. App. LEXIS 21084, at *3-4 (3d Cir. Oct. 13, 2010).

### C. 18 U.S.C. § 3582

Ward argues that the Court should modify his sentence pursuant to 18 U.S.C. § 3582(c), which restricts a district court's ability to modify a sentence except in specific circumstances. Ward advances § 3582(c)(1)(B): "the court may modify an imposed term of imprisonment to the extent . . . expressly permitted by statute." He cites three statutes that he says expressly permit the modification of his sentence: 28 U.S.C. §§ 1651(a), 2243 and 2255(b).

None of these provisions provides the relief Ward seeks. Subsection 1651(a) states that federal courts may issue writs necessary to aid in their jurisdiction. It does not expressly permit this Court to reduce Ward's sentence. Section 2243 governs proceedings related to the issue of writs of habeas corpus such as when a court must hold a hearing. It does not expressly permit the reduction of a sentence. Finally, Ward cites § 2255(b), which is the very habeas corpus statute that he argues that he does not want his motion to be considered under. While it is true that subsection (b) permits a court to set aside a judgment where the sentence was not authorized by law or is otherwise open to collateral attack, subsection (f) of § 2255 subjects motions under that section to a one-year limitation period. In Ward's case, the one-year time limit began to run on the date the judgment of conviction became final. *Ward*, 2010 U.S. Dist. LEXIS 32546, at *4-5. Because Ward did not file a petition for certiorari, his conviction became final 90 days after it was affirmed by the court of appeals. *Kapral v. United States*, 166 F.3d 565, 570-71 (3d

FOR PUBLICATION

Cir. 1999). Ward's conviction was affirmed on November 17, 1997, and his conviction was final on February 15, 1998. Any relief under § 2255 is barred after February 15, 1999.

## II.  Motion for Recusal

Ward also moves for the Court to recuse itself from his case. Ward claims that he filed a commercial lien against this Judge in a Florida state court for violation of Ward's constitutionally secured rights. Ward claims that this Judge is biased and prejudiced against him because of this lien. Ward has not submitted a copy of the lien and the Court is unable to verify its existence.

Even if Ward had filed a commercial lien, the Third Circuit has determined that the filing of suit against a judge by a litigant is not a sufficient basis for recusal. *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (citing *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) and *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986)) ("the mere fact that [the judge] may be one of the numerous federal judges that [the plaintiff] has filed suit against is not sufficient to establish that her recusal from his case is warranted"); *see also United States v. Klock*, 8 F. App'x 620, 621 (9th Cir. 2001) (applying this rule to liens filed against a judge's property).

## CONCLUSION

**ORDERED** that defendant's motion to correct his sentence (ECF No. 39) is DENIED.

**IT IS FURTHER ORDERED** that defendant's motion for recusal (ECF No. 40) is DENIED.

**IT IS FURTHER ORDERED** that the Government's motion to dismiss defendant's motion (ECF No. 41) is DISMISSED as moot.

January 19, 2011

                                                      **/s/ William H. Walls**
                                                      United States Senior District Judge